IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                              Case No. 10-20100-8-JWL
                                                                     Civil Case No: 14-2231-JWL

**Jessica Briones,**

      **Defendant.**

## MEMORANDUM & ORDER

Ms. Briones pled guilty to maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1). In March 2011, Ms. Briones was sentenced to 70 months of imprisonment followed by two years of supervised release. No appeal was filed. In May 2014, Ms. Briones filed a motion to vacate, set aside or correct her sentence under 28 U.S.C. § 2255 alleging claims of ineffective assistance of counsel. In response to that motion, the government filed a motion to dismiss Ms. Briones' § 2255 motion on the grounds that the motion is time-barred or, alternatively, in light of Ms. Briones' waiver in her plea agreement of her right to collaterally attack any matter in connection with her conviction or sentence.

Upon the filing of the government's motion to dismiss, the court issued an order setting deadlines for Ms. Briones' response to the motion to dismiss and for the government's reply to the response. Ms. Briones did not file a response to the motion to dismiss. The court, then, issued an order directing Ms. Briones to show cause on or before August 28, 2014 why she did not file a response to the motion and further directing Ms. Briones to file a substantive response to the motion to dismiss. The court cautioned Ms. Briones in the show cause order that the

government's motion to dismiss would be considered and decided as uncontested (and, as a result, granted) if Ms. Briones did not respond to the motion to dismiss by August 28, 2014. Ms. Briones' deadline to respond to the show cause order has now passed and the court has not received any response from Ms. Briones. The court, then, grants the government's motion to dismiss as an uncontested motion under the local rules of this court. *See* D. Kan. R. 7.4. Nonetheless, because the government's motion is clearly meritorious in that Ms. Briones' § 2255 motion is time-barred, the court grants the motion to dismiss on the merits as well.

A defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which establishes a one-year limitations period for federal prisoners seeking habeas relief. Under 28 U.S.C. § 2255(f), a criminal defendant may file a habeas petition one year from the latest of four circumstances:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Ms. Briones makes no argument that her motion to vacate somehow falls within the limitations period under any of the subsections listed in § 2255(f). Moreover, the court can discern from the record no facts suggesting that Ms. Briones' motion might be timely filed

under any of the subsections of § 2255(f). As such, the one-year limitations period began to run on the date on which Ms. Briones' judgment of conviction became final. Where, as here, a defendant does not file an appeal, her conviction becomes final on the date when the time for filing an appeal expires. *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006). A criminal defendant must file a notice of appeal within fourteen days of judgment. Fed. R. App. P. 4(b)(1)(A). Here, judgment was entered against Ms. Briones on April 1, 2011. Thus, her judgment became final on April 15, 2011—fourteen days after entry of judgment. Ms. Briones filed her § 2255 motion in May 2014—long after the close of the one-year limitations period. She is now time-barred from filing a habeas petition in the absence of showing justification for equitable tolling of the one-year limitations period.

AEDPA's one-year limitations period may be tolled for equitable reasons, but only "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Generally, equitable tolling is appropriate if the movant shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). To show due diligence, the movant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). Excusable neglect, however, does not support equitable tolling. *See Gibson*, 232 F.3d at 808. Equitable tolling also may be appropriate if the movant is actually innocent. *See id.* Finally, a movant bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Miller*, 141 F.3d at 977.

Ms. Briones suggests in her § 2255 motion that the limitations period should be tolled because she is advancing a claim of actual innocence. To establish a credible claim of actual innocence, a petitioner must support her claim with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial," *Schlup v. Delo*, 513 U.S. 298, 324 (1995), and show "that it is more likely than not that no reasonable juror would have convicted h[er] in the light of the new evidence." *Id.* at 327. Ms. Briones offers no factual basis suggesting that she is innocent of the crime charged and a claim of actual innocence is flatly contradicted by Ms. Briones' guilty plea and the plea colloquy. Thus, the court finds that equitable tolling is not appropriate in this action under the basis of actual innocence. Because Ms. Briones filed her § 2255 petition outside the one year limitations period, and equitable tolling is not warranted in this action, her motion is time-barred under § 2255(f). Thus, Ms. Briones' § 2255 petition is dismissed as untimely.

In summary, the government's motion to dismiss Ms. Briones' § 2255 motion is granted both because Ms. Briones failed to file a response to the government's motion, thereby rendering the motion uncontested, and because Ms. Briones' § 2255 motion was not timely filed with the court.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the government's motion to dismiss (doc. 372) Ms. Briones' § 2255 motion is **granted** and Ms. Briones' § 2255 motion (doc. 367) is **dismissed**.

**IT IS SO ORDERED**.


Dated this 5th day of September, 2014, at Kansas City, Kansas.


                                             s/ John W. Lungstrum
                                             John W. Lungstrum
                                             United States District Judge